DLS/DIVERSIFIED LEGAL SERVICES, INC                                   649-260-0316

FILED

09 AUG 17 PM 12:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1 | Juanita R. Brooks (CA SBN 75934)
  | Lisa M. Martens (CA SBN 195824)
2 | Andrew M. Abrams (CA SBN 229698)
  | FISH & RICHARDSON P.C.
3 | 12390 El Camino Real
  | San Diego, California 92130
4 | Telephone: (858) 678-5070
  | Facsimile:  (858) 678-5099
5 | Email: brooks@fr.com; martens@fr.com; abrams@fr.com

6 | Attorneys for Plaintiffs
  | BBU, Inc., BIMBO BAKERIES USA, INC., ARNOLD PRODUCTS, INC., ARNOLD
7 | SALES COMPANY, INC. and ARNOLD FOODS COMPANY, INC.

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | BBU, INC., a Delaware corporation, BIMBO      Case No. 09 CV 1787 DMS RBB
   | BAKERIES USA, INC., a Delaware corporation,
12 | ARNOLD PRODUCTS, INC., a Delaware            **COMPLAINT FOR:**
   | corporation, ARNOLD SALES COMPANY,
13 | INC., a Delaware corporation, and ARNOLD     1.  Trademark Infringement - 15 U.S.C.
   | FOODS COMPANY, INC., a Delaware                  § 1114(1)
14 | corporation                                  2.  Trademark Infringement, Unfair
   |                                                  Competition, and False Designation of
15 |             Plaintiffs,                          Origin – 15 U.S.C. § 1125(a)
   |                                              3.  Unfair Competition – Cal. Bus. & Prof.
16 |     v.                                           Code §§ 17200 et seq.
   |                                              4.  Common Law Trademark Infringement
17 | SARA LEE CORPORATION, a Maryland             5.  Unfair Competition in Violation of
   | corporation, SARA LEE BAKERY GROUP,              California Common Law and California
18 | INC., a Delaware corporation, EARTHGRAINS        Civil Code § 3249
   | BAKING COMPANIES, INC., a Delaware          6.  Unjust Enrichment
19 | corporation, and DOES 1-10, inclusive,
   |                                              **JURY TRIAL DEMANDED**
20 |             Defendants.
   |
21 |

22 |                                              FILE BY FAX

23 |

24 |

25 |

26 |

27 |

28 |                                                              Case No.

8/17     DLS/DIVERSIFIED LEGAL SERVICES, INC     619-260-0316

For their Complaint against defendants Sara Lee Corporation, Sara Lee Bakery Group, Inc., and EarthGrains Baking Companies, Inc. (hereinafter "Defendants"), plaintiffs BBU, Inc., Bimbo Bakeries USA, Inc., Arnold Products, Inc., Arnold Sales Company, Inc., and Arnold Foods Company, Inc. (hereinafter "Arnold" or "Plaintiffs") hereby state and allege as follows:

## THE PARTIES

1. Plaintiff BBU, Inc. is a Delaware corporation having a principal place of business at 255 Business Center Drive, Horsham, Pennsylvania, 19044.

2. Plaintiff Arnold Products, Inc. is a Delaware corporation having a principal place of business at 255 Business Center Drive, Horsham, Pennsylvania, 19044.

3. Plaintiff Bimbo Bakeries USA, Inc. is a Delaware corporation having a principal place of business at 255 Business Center Drive, Horsham, Pennsylvania, 19044.

4. Plaintiff Arnold Products, Inc. is a Delaware corporation having a principal place of business at 255 Business Center Drive, Horsham, Pennsylvania, 19044.

5. Plaintiff Arnold Sales Company, Inc. is a Delaware corporation having a principal place of business at 255 Business Center Drive, Horsham, Pennsylvania, 19044.

6. On information and belief, defendant Sara Lee Corporation is a Maryland corporation having a principal place of business at 3500 Lacey Road, Downer's Grove, Illinois 60515.

7. On information and belief, defendant Sara Lee Bakery Group, Inc. is a Delaware corporation having a principal place of business at 8400 Maryland Ave., St. Louis, Missouri 63105.

8. On information and belief, defendant EarthGrains Baking Companies, Inc. is a Delaware corporation having a principal place of business at 3500 Lacey Road, Downer's Grove, Illinois 60515.

1     Case No.

## NATURE OF THE ACTION

9.     This action by Arnold seeks preliminary and permanent injunctive relief and damages against Defendants' willful infringement of Arnold's trademark SANDWICH THINS, under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, §§ 1051 *et seq.* (the "Lanham Act"), and for infringement and unfair competition under Title 15, United States Code, § 1125(a), California common law and California Business & Professions Code §§ 17200.

10.     Arnold, a leader in the baking industry, is committed to baking and selling high quality baked goods. Among Arnold's most popular brands is its SANDWICH THINS bakery product.

11.     Defendants recently announced the upcoming and imminent launch of a new line of bakery products under both the SANDWICH THINS and THINS marks.

12.     Defendants' SANDWICH THINS and THINS marks are both identical and confusingly similar to Arnold's SANDWICH THINS trademark, and Defendants intentionally seek to trade off of the goodwill of Arnold's SANDWICH THINS trademark in the marketing, advertising, and forthcoming distribution of their new line of bakery products.

13.     Unless Defendants are enjoined from launching this line of bakery products under these marks which are identical and confusingly similar to Arnold's SANDWICH THINS mark, the SANDWICH THINS mark will be infringed, thereby destroying the distinctive quality that Arnold has developed to the detriment of Arnold and the public.

## JURISDICTION AND VENUE

14.     This is a civil action arising under the Lanham Act, Title 15, United States Code, §§ 1114 and 1125(a) and under the statutory law and common law of the State of California. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and

2

Case No.

1  28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) (trademark and unfair

2  competition), and supplemental jurisdiction over the state law claims pursuant to 28

3  U.S.C. §§ 1338(b) and 1367(a).

4        15.    Personal jurisdiction over Defendants is vested and venue is proper in the

5  United States District Court for the Southern District of California pursuant to 28 U.S.C.

6  § 1391 because a substantial part of the events giving rise to the claims herein occurred in

7  this District.  On information and belief Defendants are advertising, marketing,

8  promoting, and preparing to sell goods under an infringing trademark in this District.

9        16.    On information and belief, Defendants have solicited grocery stores and

10  retail outlets within this State and in this District using a trademark infringing Arnold's

11  marks and Defendants thereby purposefully availed themselves of the privilege of doing

12  business in this State and in this District.

13        17.    On information and belief, Defendants already sell other bakery products

14  within this State and in this District and Defendants thereby purposefully availed

15  themselves of the privilege of doing business in this State and in this District.

16        18.    Defendants have announced their intent to sell a new bakery product

17  using a trademark infringing Arnold's marks to customers located within this State and in

18  this District using a trademark infringing Arnold's marks and Defendants thereby

19  purposefully availed themselves of the privilege of doing business in this state and in this

20  District.

21        19.    The claims alleged herein arise out of or are related to Defendants' forum-

22  related activities and the exercise of jurisdiction herein is otherwise reasonable.  Personal

23  jurisdiction is also proper over the Defendants in that the intentional and wrongful

24  conduct described herein was directed at this District and at Arnold, who suffered

25  damage in this District as a result of Defendants' intentional conduct.

26        20.    Venue is proper in the United States District Court for the Southern

27  District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), as the claims arise in this

28

3

Case No.

1 | District and Defendants, all corporations, are subject to personal jurisdiction in this
2 | District.

3

4 | ## FACTS

5 |     21.    Arnold is a leading commercial bakery with a brand portfolio that includes
6 | ARNOLD, OROWEAT, MRS BAIRD'S, BIMBO, THOMAS, BOBOLI and many
7 | others.  Under these brands, Arnold offers high quality bakery products to an extensive
8 | and diverse consumer group.

9

10 | ### Arnold's Valuable Trademark Rights

11 |     22.    Arnold has used and is using its SANDWICH THINS mark in commerce
12 | on and in connection with the offering and selling of its bakery product and has
13 | continuously sold such bakery product using the SANDWICH THINS mark since at least
14 | as early as March 31, 2008.

15 |     23.    Arnold's SANDWICH THINS mark is prominently featured on its
16 | product packaging.  As shown below, the SANDWICH THINS mark appears on
17 | Arnold's product packaging:

 

25 |     24.    Arnold sells bakery products under the SANDWICH THINS trademark
26 | throughout the United States.  Arnold extensively advertises and promotes its
27 | SANDWICH THINS mark and the products sold thereunder.

28

4

Case No.

25. Since Arnold's launch of the SANDWICH THINS bakery products in 2008, Arnold has sold nearly 30 million units of SANDWICH THINS products, generating over $80 million in sales.

26. In addition to its common law rights in its SANDWICH THINS trademark, Arnold and its affiliates own a United States Trademark registration for SANDWICH THINS.

27. On June 18, 2008, Arnold Products, Inc. filed United States Trademark Application Serial No. 77/501,818 for the SANDWICH THINS mark. On June 16, 2009, the United States Patent and Trademark Office issued Registration No. 3,637,950 to Arnold Products, Inc. for the SANDWICH THINS mark. A true and correct copy of the USPTO online record for Registration No. 3,637,950 is attached hereto as **Exhibit A**.

28. Arnold's SANDWICH THINS trademark is distinctive and has become well known among consumers for Arnold's popular bakery product.

29. Arnold's use and registration of the SANDWICH THINS trademark predates any use by Defendants of the marks SANDWICH THINS and THINS for a similar bakery product.

### Defendants' Wrongful Conduct

30. On information and belief, Defendants distributed multiple presentations to a number of grocery stores and other retail outlets concerning the bakery products to be offered under both the SANDWICH THINS and THINS marks. A true and correct copy of a printout from Defendants' THINS presentation is attached hereto as **Exhibit B**. A true and correct copy of Defendants' SANDWICH THINS presentation is attached hereto as **Exhibit C**.

31. Defendants announced in these presentations that on September 14, 2009, they intend to launch a line of bakery products under the SANDWICH THINS and THINS marks. *See* Exhibits B and C.

5                                        Case No.

32.     Defendants used Arnold's registered SANDWICH THINS trademark to promote and advertise Defendants' forthcoming bakery products. *See* Exhibit C.  As shown below, Defendants used the SANDWICH THINS trademark to promote their bakery products:



33.     Specifically, Defendants intend to sell a directly competing bakery product using packaging which incorporates the THINS mark. *See* Exhibits B and C.  As shown below, the THINS mark will appear on product packaging:



34.     Defendants' product packaging prominently displays THINS as the predominant element. *See* Exhibits B and C.

35.     Defendants' presentations specifically refer to Arnold's product in

6

Case No.

1  marketing Defendants' new product by stating that "Oroweat / Arnold Thins have

2  established awareness and sales for this product type." *See* Exhibits B and C.

3          36.    Defendants' presentations include data showing that Arnold's

4  SANDWICH THINS products currently enjoy 7% of the market share in their product

5  category and 73% of their customers are repeat customers. *See* Exhibits B and C.

6          37.    Defendants distribute their bakery products through the same grocery

7  stores and retail outlets as Arnold and its distributors.  These grocery stores regularly

8  purchase SANDWICH THINS and other bakery products from Arnold and its

9  distributors.

10         38.    On information and belief Defendants' bakery products offered under

11  either the SANDWICH THINS or THINS marks will be sold through the same grocery

12  stores and retail outlets as Arnold's SANDWICH THINS products.

13         39.    On information and belief, Defendants' bakery products offered under

14  either the SANDWICH THINS or THINS marks will be purchased by individual

15  consumers at various grocery stores and retail outlets.  On information and belief, many

16  of these consumers are the very same customers who comprise Arnold's customer base.

17         40.    On information and belief, Defendants intend to depict their THINS mark

18  in such a way as to emphasize the THINS mark over other elements displayed on product

19  packaging.

20         41.    Defendants' use of the both the SANDWICH THINS and THINS marks

21  are likely to cause confusion as to whether Defendants' goods originate from or are

22  sponsored by Arnold, or whether there is an association or affiliation between Defendants

23  and Arnold.

24         42.    Arnold has not consented to Defendants' use of its SANDWICH THINS

25  mark, nor any mark comprised of THINS, nor has Arnold sponsored, endorsed or

26  approved the goods offered and promoted by Defendants.

27         43.    On information and belief, the widely recognized and/or distinctive

28

7

Case No.

1  SANDWICH THINS mark and the business of Arnold are known to Defendants and

2  were known to Defendants at the time they announced the imminent launch of the THINS

3  mark and began promoting goods under the THINS mark.

4      44.    Defendants' announcement of the imminent launch of the SANDWICH

5  THINS and THINS marks and their promotion of their competing product to grocery

6  stores and retail outlets occurred much later than Arnold's first use of the SANDWICH

7  THINS mark.

8      45.    On information and belief, Defendants intend to adopt the SANDWICH

9  THINS and THINS marks to capitalize on the goodwill of Arnold's SANDWICH THINS

10  products.

11      46.    On information and belief, Defendants intend to use the SANDWICH

12  THINS and THINS marks on bakery products that are identical or highly similar goods to

13  the SANDWICH THINS products.

14      47.    Defendants' promotion and sales of their goods under both the

15  SANDWICH THINS and THINS marks are directed to business partners of Arnold, as

16  well as to consumers of Arnold's products, and are conducted through the same channels

17  of trade as are used by Arnold to promote and sell its SANDWICH THINS line of bakery

18  products.

19      48.    Defendants' use of the SANDWICH THINS and THINS marks and

20  Defendants' actions described herein are likely to cause confusion, deception and/or

21  mistake in the marketplace, the relevant industry, and all channels of trade for Arnold's

22  products.

23      49.    Defendants' use of the SANDWICH THINS and THINS marks and their

24  actions described herein have been, and continue to be, deliberate, willful, and with

25  disregard to the rights of Arnold.

26      50.    Defendants' continuing conduct constitutes an ongoing threat to Arnold

27  and the public.  Arnold has sustained and will continue to sustain irreparable injury as a

28

Case No.

1   result of Defendants' conduct, which injury is not compensable by the award of monetary

2   damages.  Unless Defendants are restrained and enjoined from engaging in their

3   infringing conduct, Arnold will continue to suffer irreparable injury.

4

5                                    **FIRST CAUSE OF ACTION**

6                          **(Trademark Infringement – 15 U.S.C. § 1114(1))**

7            51.    Arnold incorporates herein by reference each and every allegation in the

8   preceding paragraphs.

9            52.    Prior to Defendants' adoption and decision to launch the SANDWICH

10  THINS and THINS marks, Defendants either had actual notice and knowledge, or

11  constructive notice (pursuant to 15 U.S.C. § 1072), of Arnold's ownership and

12  registration of the SANDWICH THINS mark.

13           53.    On information and belief, Defendants were aware of Arnold's business

14  and its SANDWICH THINS mark prior to Defendants' decision to use and launch both

15  the SANDWICH THINS and THINS marks in connection with bakery products.

16           54.    On information and belief, in advertising and promoting the SANDWICH

17  THINS and THINS products, Defendants deliberately and willfully used the

18  SANDWICH THINS and THINS marks in an attempt to trade off of the goodwill,

19  reputation and selling power established by Arnold under the SANDWICH THINS mark,

20  and to create a false impression of association with Arnold.

21           55.    On information and belief, Defendants' imminent sale of bakery products

22  under both the SANDWICH THINS and THINS marks is a deliberate and willful attempt

23  to trade off of the goodwill, reputation and selling power established by Arnold under the

24  SANDWICH THINS mark, and is an attempt to create a false impression of association

25  with Arnold.

26           56.    On information and belief, Defendants have advertised and promoted the

27  SANDWICH THINS and THINS products through the same channels of trade and to the

28

                                                    9

                                                                                Case No.

8/17   DLS/DIVERSIFIED LEGAL SERVICES, INC   619-260-0316

1 | same grocery stores and retail outlets as Arnold advertises and promotes its SANDWICH

2 | THINS products.

3 |      57.    On information and belief, Defendants' bakery products sold under the

4 | SANDWICH THINS and THINS marks will move through the same channels of trade,

5 | and will be offered and/or sold through the same channels of distribution and to the same

6 | consumer groups as the goods that are offered and sold by Arnold under the SANDWICH

7 | THINS mark.

8 |      58.    Arnold has not consented to Defendants' use of the SANDWICH THINS

9 | and THINS marks.

10 |      59.    Defendants' imminent unauthorized use of the SANDWICH THINS and

11 | THINS marks are likely to cause consumers to be confused as to the source, nature and

12 | quality of the goods that Defendants will offer in connection with the SANDWICH

13 | THINS and THINS marks.

14 |      60.    Defendants' unauthorized use of the term "THINS" as a key component of

15 | their product packaging will falsely indicate to consumers that Defendants' goods

16 | originate from or are in some manner connected with, sponsored by, affiliated with, or

17 | related to Arnold, and/or the products of Arnold.

18 |      61.    Defendants' imminent unauthorized use of the SANDWICH THINS and

19 | THINS marks, as set forth herein, facilitate the acceptance of Defendants' goods

20 | throughout the marketplace, not based on the quality of the goods provided by

21 | Defendants, but on the association that the public is likely to make with Arnold and the

22 | reputation and goodwill associated with Arnold's goods.

23 |      62.    Defendants' unauthorized use of the SANDWICH THINS and THINS

24 | marks deprive Arnold of the ability to control the quality of the goods marketed under

25 | these marks, and instead, places Arnold's valuable reputation and goodwill into the hands

26 | of Defendants, over whom Arnold has no control.

27 |      63.    The aforementioned activities of Defendants are likely to cause confusion

28 |

Case No.

DLS/DIVERSIFIED LEGAL SERVICES, INC

1   or mistake, or to deceive consumers or potential consumers wishing to purchase Arnold's

2   products, and are also likely to confuse consumers as to an affiliation between Arnold

3   and Defendants.

4        64.    The aforementioned acts of Defendants constitute federal trademark

5   infringement in violation of 15 U.S.C. § 1114.

6        65.    Arnold has been, is now, and will be irreparably harmed by Defendants'

7   aforementioned acts of infringement, and unless enjoined by the Court, Defendants will

8   continue to infringe upon the SANDWICH THINS mark. There is no adequate remedy

9   at law for the harm caused by the acts of infringement alleged herein.

10       66.    As a direct and proximate result of Defendants' infringing conduct,

11   Arnold will suffer irreparable injury to its business reputation and goodwill for which no

12   adequate remedy exists at law, and will lose sales and profits in an amount not yet fully

13   ascertained.

14       67.    Defendants' conduct complained of herein is malicious, fraudulent,

15   knowing, willful, and deliberate entitling Arnold to an accounting of any of Defendants'

16   profits, increased damages, and an award of its attorneys' fees and costs incurred in

17   prosecuting this action under 15 U.S.C. § 1117.

18

19                **SECOND CAUSE OF ACTION**

20       **(Trademark Infringement, Unfair Competition, and False**

21       **Designation of Origin – 15 U.S.C. § 1125(a))**

22       68.    Arnold incorporates herein by reference each and every allegation in the

23   preceding paragraphs.

24       69.    Arnold is informed and believes that Defendants chose both the

25   SANDWICH THINS and THINS marks, and took the other actions alleged above, to

26   cause confusion or mistake, or to deceive the public as to the origin, sponsorship,

27   association or approval of the goods of Defendants, deliberately to pass off Defendants'

28

      Case No.

DLS/DIVERSIFIED LEGAL SERVICES, INC   858-260-0376

1 | goods as those of Arnold, and/or to falsely imply an association with Arnold.

2 |     70.    Defendants' acts as alleged herein constitute, among other things, false

3 | designations of origin, false or misleading descriptions of fact, or false or misleading

4 | representations of fact which are likely to cause confusion or mistake, or to deceive the

5 | public as to the origin, sponsorship, association or approval of the goods of Defendants.

6 |     71.    Defendants' conduct constitutes trademark infringement and unfair

7 | competition in violation of 15 U.S.C. § 1125(a).

8 |     72.    Unless enjoined, Defendants will continue their infringing conduct.

9 |     73.    As a direct and proximate result of Defendants' infringing conduct,

10 | Arnold will suffer irreparable injury to its business reputation and goodwill for which no

11 | adequate remedy exists at law, and will lose sales and profits in an amount not yet fully

12 | ascertained.

13 |     74.    Defendants' conduct complained of herein is malicious, fraudulent,

14 | knowing, willful, and deliberate entitling Arnold to an accounting of any of Defendants'

15 | profits, increased damages, and an award of its attorneys' fees and costs incurred in

16 | prosecuting this action under 15 U.S.C. § 1117.

17 |

18 | **THIRD CAUSE OF ACTION**

19 | **(Unfair Unlawful and Deceptive Business Practices –**

20 | **Cal. Bus. & Prof. Code § 17200 *et seq.*)**

21 |     75.    Arnold incorporates herein by reference each and every allegation in the

22 | preceding paragraphs.

23 |     76.    Defendants' business practices alleged above are unfair and offend public

24 | policy as they are unlawful, unfair, unscrupulous, and substantially injurious to Arnold

25 | and consumers.

26 |     77.    The above acts by Defendants constitute unfair competition and unfair

27 | business practices in violation of the Section 17200 *et seq.* of the California Business &

28 |

Case No.

1    Professions Code, prohibiting unfair, unlawful and deceptive business acts.

2          78.    Pursuant to California Business and Professions Code § 17203, Arnold is

3    entitled to enjoin these practices.

4          79.    Without injunctive relief, Arnold has no means by which to control

5    Defendants' deceptive and confusing use and advertising of its mark.  Arnold is therefore

6    entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair

7    competition, and appropriate restitution remedies, pursuant to California Business and

8    Professions Code § 17203.

9

10                      **FOURTH CAUSE OF ACTION**

11                   **(Common Law Trademark Infringement)**

12          80.    Arnold incorporates herein by reference each and every allegation in the

13    preceding paragraphs.

14          81.    Defendants' unauthorized use of the SANDWICH THINS and THINS

15    marks in interstate commerce and in this judicial District in connection with the

16    promotion and offering of Defendants' goods constitutes a false designation of origin, a

17    false and/or misleading description of fact, and/or a false or misleading representation of

18    fact which constitutes an infringement of Arnold's trademark rights in and to the

19    SANDWICH THINS mark, and is likely to cause confusion, and mistake, and/or

20    deception as to the affiliation, connection or association of Defendants and Arnold,

21    and/or as to the origin, sponsorship, or approval of Defendants' goods by Arnold.

22    Defendants' actions have caused, and will continue to cause, irreparable harm to Arnold.

23          82.    Defendants' imminent sale of its bakery products under both the

24    SANDWICH THINS and THINS marks in interstate commerce and in this judicial

25    District will constitute a false designation of origin, a false and/or misleading description

26    of fact, and/or a false or misleading representation of fact which infringes Arnold's

27    trademark rights in and to the SANDWICH THINS mark, and is likely to cause

28                                   13                                  Case No.

1   confusion, and mistake, and/or deception as to the affiliation, connection or association of

2   Defendants and Arnold, and/or as to the origin, sponsorship, or approval of Defendants'

3   goods by Arnold. Defendants' actions will cause irreparable harm to Arnold.

4

5                           **FIFTH CAUSE OF ACTION**

6              **(Unfair Competition in Violation of California Common Law)**

7          83.     Arnold incorporates herein by reference each and every allegation in the

8   proceeding paragraphs.

9          84.     Defendants' conduct, as alleged above, constitutes unfair competition

10  under California State common law. Defendants' acts have resulted in the "passing off"

11  of Defendants' products as those of Arnold's, or as somehow related or associated with,

12  or sponsored or endorsed by, Arnold.

13         85.     By reason of these acts, Arnold has suffered and is suffering actual,

14  permanent and irreparable injury, the extent of which is presently not known, and Arnold

15  will suffer continuing damage and irreparable injury unless Defendants are permanently

16  enjoined from the use of the mark.

17         86.     Defendants' actions have been willful, malicious and fraudulent with

18  knowledge of the likelihood of confusion and deception and with intent to confuse and

19  deceive, as alleged above. Therefore, Arnold is entitled to recover punitive damages

20  under California Civil Code § 3294.

21

22                          **SIXTH CAUSE OF ACTION**

23                               **(Unjust Enrichment)**

24         87.     Arnold incorporates herein by reference each and every allegation in the

25  proceeding paragraphs.

26         88.     Defendants have received the benefits of Arnold's trademarks without

27  compensating Arnold for such benefits or paying Arnold any royalties for using Arnold's

28                                       14                                   Case No.

1 | intellectual property.

2 |      89.    Defendants have unjustly retained the foregoing benefits.

3 |      90.    By reason of the foregoing, Defendants have been unjustly enriched, and

4 | continue to be unjustly enriched, in an unknown amount, and Arnold is entitled to

5 | restitution.

6 |

7 | **PRAYER FOR RELIEF**

8 | WHEREFORE, in consideration of the foregoing, Arnold respectfully requests

9 | that this Court enter an Order granting the following relief:

10 | a) For judgment that the SANDWICH THINS mark will be infringed by Defendants

11 | proposed use of the SANDWICH THINS and THINS marks;

12 | b) Defendants have unfairly competed with Arnold in violation of 15 U.S.C. §

13 | 1125(a);

14 | c) Defendants acts offend public policy and are unlawful, unfair and unscrupulous

15 | and substantially injurious to Arnold and its customers in violation of §§ 17200 *et*

16 | *seq.* of the California Business and Professions Code;

17 | d) Defendants have unfairly competed with Arnold in violation of California

18 | common law;

19 | e) Permanently enjoining Defendants and each of their agents, employees, servants,

20 | officers, directors, successors in interest, heirs, assigns and all persons, firms or

21 | corporations, acting by or under their authority, in active concert or privity or in

22 | participation with it, from using the SANDWICH THINS and THINS marks, or

23 | any confusingly similar marks on or in connection with Defendants' goods; or

24 | using any word, words, phrases, symbols, logos, or any combination of words or

25 | symbol that would create a likelihood of confusion, mistake, or deception

26 | therewith, including, without limitation, the SANDWICH THINS and THINS

27 | marks, in connection with or in the marketing, offering, selling, licensing,

28 |

Case No.

DLS/DIVERSIFIED LEGAL SERVICES, INC        619-260-0316

displaying, advertising, or developing of Defendants' goods;

f) Permanently enjoining Defendants and recalling from all their officers and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with Defendants, any material containing the SANDWICH THINS and THINS marks and any word, words, phrases, symbols, logos, and any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the SANDWICH THINS and THINS marks, in connection with or in the marketing, offering, selling, licensing, displaying, advertising, or developing of Defendants' goods;

g) Permanently enjoining Defendants, their officers, agents, employees, and all persons acting in concert with them, from infringing the SANDWICH THINS mark and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from the misappropriation of the rights of Arnold and all affiliated and related companies of Arnold in the SANDWICH THINS mark and the registration of this mark;

h) Requiring Defendants to destroy, at their sole and exclusive cost, all materials in their possession or under their control that bear the SANDWICH THINS or THINS marks or any confusingly similar mark;

i) For all actual damages sustained by Arnold as the result of Defendants' acts of infringement and/or dilution, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

j) For an accounting of the profits of Defendants resulting from their acts of infringement pursuant to 15 U.S.C. § 1117;

k) Such damages and profits to be trebled and awarded to Arnold pursuant to 15 U.S.C. § 1117 on the grounds that Defendants' conduct has been willful, deliberate and in bad faith;

16

Case No.

1    l)  For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise

2        permitted by law;

3    m) For Arnold's costs of suit, including its reasonable litigation expenses, pursuant to

4        15 U.S.C. § 1117;

5    n)  Defendants be ordered to pay Arnold damages for common law trademark

6        infringement, unjust enrichment and unfair competition under California common

7        law;

8    o)  Defendants be ordered to pay Arnold damages for unfair, unlawful and deceptive

9        business practices in violation of §§ 17200 *et seq.* of the California Business and

10       Professions Code;

11    p)  Defendants be directed to file with this Court and serve on Arnold within thirty

12       (30) days after service of such injunction, a written report under oath pursuant to

13       15 U.S.C. § 1116 setting forth in detail the manner and form in which

14       Defendants' have complied with the injunction; and

15    q)  Granting Arnold such additional, other, or further relief as the Court deems just

16       and proper.

17                    **DEMAND FOR JURY TRIAL**

18        Plaintiff demands trial by jury on all issues so triable.

19  DATED:  August 17, 2009          Respectfully submitted,

20                      FISH & RICHARDSON P.C.

21

22                      By:

                            Juanita R. Brooks, Esq.

23                      Lisa M. Martens, Esq.

                            Andrew M. Abrams, Esq.

24

25                      Attorneys for Plaintiff

                         BBU, INC.,

26                      BIMBO BAKERIES USA, INC.,

                         ARNOLD PRODUCTS, INC.,

27                      ARNOLD SALES COMPANY, INC., and

                         ARNOLD FOODS COMPANY, INC.

28

                                                    Case No.

8/17   DLS/DIVERSIFIED LEGAL SERVICES, INC   619-260-0316

# Exhibit A

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,637,950
Registered June 16, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# SANDWICH THINS

ARNOLD PRODUCTS, INC. (DELAWARE COR-
PORATION)
300 W. NORTH AVENUE
NORTHLAKE, IL 60164

FOR: BREAD, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2008; IN COMMERCE 3-31-2008.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SANDWICH", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-501,818, FILED 6-18-2008.

ESTHER A. BORSUK, EXAMINING ATTORNEY

# Exhibit B

DLS/DIVERSIFIED LEGAL SERVICES, INC

# Introducing EarthGrains 100% Natural Thins

Sara Lee

**Launching September 14, 2008**

**Product Attributes:**
- ✓ Two SKUs; 8ct, 12oz
- ✓ 100% Natural
- ✓ 100% Whole Grain
- ✓ <100 calories per serving
- ✓ No High Fructose Corn Syrup

EarthGrains 100% Natural Thins — 100% Multi-Grain

EarthGrains 100% Natural Thins — 100% Whole Wheat

Oroweat / Arnold Thins have established awareness and sales for this product type
- ✓ Currently have 7% Trial and 73% Repeat

But, EarthGrains 100% Natural Thins provide a differentiated offering:
- ✓ More health benefits: 100% Natural, 100% Whole Grain
- ✓ Less calories
- ✓ Better taste: No sucralose (EG won't have sucralose aftertaste)

Source: IRI Total US December 2007

8/17 DLS/DIVERSIFIED LEGAL SERVICES, INC 619-260-0316

# Exhibit C

DLS/DIVERSIFIED LEGAL SERVICES, INC        845-260-0316





## New Product Launch:
## EarthGrains 100% Natural Thins

**Exhibit C**
**Page 20**

DLS/DIVERSIFIED LEGAL SERVICES, INC

# Introducing EarthGrains 100% Natural Thins



Launching September 14, 2009

**Product Attributes:**
- ✓ Two SKUs, 8ct., 12oz.
- ✓ 100% Natural
- ✓ 100% Whole Grain
- ✓ < 100 calories per serving
- ✓ No High Fructose Corn Syrup

EARTHGRAINS

EarthGrains 100% Natural Thins
100% Multi-Grain

EarthGrains 100% Natural Thins
100% Whole Wheat







**Exhibit C**
**Page 21**

**Arnold Thins have established awareness and sales for this product type**
- ✓ Currently have 7% Trial and 73% Repeat

**But, EarthGrains 100% Natural Thins provide a differentiated offering:**
- ➢ More health benefits: 100% Natural, 100% Whole Grain
- ➢ Less calories
- ➢ Better taste: No sucralose (EG won't have sucralose aftertaste)

Source: IRI Trial & Repeat June 2009

8/17        DLS/DIVERSIFIED LEGAL SERVICES, INC        649-260-0315



# Earth Grains – Sandwich Thins



Launching September 14, 2009

## Product Attributes

- 100% Natural
- 100% Whole Grain
- < 100 calories per serving
- No High Fructose Corn Syrup
- 12 oz







| Product | Form/Size | UPC | Item # | Dimensions* | List Price |
|---|---|---|---|---|---|
| Earthgrains 100% Natural Thin 100% Whole Wheat | 12 oz | 0-50400-73931-4 | 40492 R&T<br>40592 Basket<br>40992 Case | 9.375 x 2.5 x 5.5 | $2.36 |

| Calories | Total Fat | Sodium | Sugars | Fiber | Whole Grains |
|---|---|---|---|---|---|
| 100 | 1.5 g | 160mg | 3g | 4g | 22g |
| 5% | 2% | 7% | | 16% | |

Note: Facts based on one thin

**Exhibit C**
**Page 22**

8/17   DLS/DIVERSIFIED LEGAL SERVICES, INC   649-260-0316



# Earth Grains – Sandwich Thins

**Launching September 14, 2009**

## Product Attributes

- 100% Natural
- 100% Whole Grain
- < 100 calories per serving
- No High Fructose Corn Syrup
- 12 oz









| Product | Form/Size | UPC | Item # | Dimensions¹ | List Price |
|---|---|---|---|---|---|
| Earthgrains 100% Natural Thin 100% Multigrain | 12 oz | 0-50400-73932-1 | 40493 R&T 40593 Basket 40993 Case | 9.375 x 2.5 x 5.5 | $2.36 |

| Calories | Total Fat | Sodium | Sugars | Fiber | Whole Grains |
|---|---|---|---|---|---|
| 100 | 1.5g | 150mg | 3g | 4g | 21g |
| 5% | 2% | 6% | | 15% | |

Note: Facts based on thin

**Exhibit C**
**Page 23**

JS 44 (Rev 11/04)

DLS/DIVERSIFIED LEGAL SERVICES, INC   619-260-0316

## CIVIL COVER SHEET   FILE BY FAX

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

F I L E D

### I. (a) PLAINTIFFS
BBU, Inc., BIMBO BAKERIES USA, INC., ARNOLD PRODUCTS, INC., ARNOLD SALES COMPANY, INC. and ARNOLD FOODS COMPANY, INC.

(b) County of Residence of First Listed Plaintiff  Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
SARA LEE CORPORATION, SARA LEE BAKERY GROUP, INC., EARTHGRAINS BAKING COMPANIES, INC., and DOES 1-10, inclusive

County of Residence of First Listed Defendant  Maryland and Delaware
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Juanita R. Brooks, Lisa M. Martens, Andrew M. Abrams
Fish & Richardson P.C. (Southern California)
12390 El Camino Real
San Diego, California 92130
(858) 678-5070

Attorneys (If Known)

'09 CV 1787 DMS    RBB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- - - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing. Do not cite jurisdictional statutes unless diversity.)

Brief description of cause:  Trademark infringement, unfair competition, Title 15, U.S. Code 1114(1), 1125(a).

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

Demand: $

CHECK YES only if demanded in Complaint

JURY DEMAND   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See Instructions)   JUDGE #   DOCKET NUMBER

DATE
8/17/09

SIGNATURE OF ATTORNEY OF RECORD

TYPE NAME OF ATTORNEY
Andrew M. Abrams

FOR OFFICE USE ONLY

RECEIPT # 004774   AMOUNT 350   8/17/09 BH   APPLYING IFP   JUDGE   MAG. JUDGE



## FILE BY FAX

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004274
Cashier ID: bhartman
Transaction Date: 08/17/2009
Payer Name: DIVRESIFIED LEGAL SERVICES
-----------------------------------
CIVIL FILING FEE
 For: BBU INC V SARA LEE CORP.
 Case/Party: D-CAS-3-09-CV-001787-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 0044707
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```