# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BBU, INC., et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>SARA LEE CORPORATION, et al.,<br><br>　　　　Defendants. | CASE NO. 09cv1787 DMS (RBB)<br><br>**ORDER CLARIFYING SCOPE OF INJUNCTION**<br><br>[Docket No. 94] |

Presently before the Court is Defendants' motion to clarify the scope of the preliminary injunction. The matter came on for hearing on June 18, 2010. Lisa Martens appeared on behalf of Plaintiffs. Robert Weisbein and David Kleinfeld appeared on behalf of Defendants.

## I.
## BACKGROUND

On August 17, 2009, Plaintiffs filed suit against Defendants alleging trademark infringement and other claims. Plaintiffs manufacture a bakery product known as "Sandwich Thins," a thin bread product used for sandwiches and hamburgers. Plaintiffs are the registered owners of United States Trademark No. 3,637,950 for the "Sandwich Thins" mark. (Pl. Compl. Ex. A.)

On August 21, 2009, Plaintiffs moved for a preliminary injunction to enjoin Defendants from launching a competing product under their Earthgrains brand using the name "Thins." On September 11, 2009, this Court granted Plaintiffs' motion for preliminary injunction, finding Defendants' use of

the word "Thins" was likely to cause confusion with Plaintiffs' trademarked phrase "Sandwich Thins." Defendants were enjoined from:

> (1) using the SANDWICH THINS and THINS marks in connection with Defendants' goods, and in connection with the marketing, offering, selling, licensing, displaying, advertising, or developing of Defendants' goods; and
>
> (2) infringing the SANDWICH THINS mark and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from the misappropriation of the rights of the Plaintiffs and all affiliated and related companies of Plaintiffs in the SANDWICH THINS mark and the registration of this mark.

(Order on Preliminary Injunction, September 11, 2009 (Docket No. 30).)

On September 14, 2009, Defendants filed a motion to stay the preliminary injunction and an ex parte application for interim stay pending decision on the motion to stay. The Court denied both the ex parte application and the motion to stay pending appeal. (Docket No. 35.) Defendants immediately filed an appeal with the Ninth Circuit. (Docket No. 36.)

On September 15, 2009, Defendants proceeded with the planned launch of their competing product. They covered the word "Thins" on the packaging with bright yellow stickers stating "New Product." Plaintiffs contended the stickers were improperly applied and violated the preliminary injunction. Accordingly, on September 16, 2009, Plaintiffs sought contempt sanctions against Defendants, as well as an order modifying the original preliminary injunction order. (Docket No. 42.) The Court held that Defendants were not in contempt of the preliminary injunction but that modification of the preliminary injunction was warranted. (September 29, 2009 Order (Docket No. 57).) The preliminary injunction order was modified as follows:

> 1. Defendants shall destroy, at their sole and exclusive cost, all existing packaging and other materials in their possession or under their control that bear the SANDWICH THINS or THINS marks;
>
> 2. Given the seven-day shelf-life of the SANDWICH THINS and THINS products, product recall by Defendants is not required. Defendants may sell product that is currently on the market so long as stickers are placed over the front and side panels of the product packaging, completely covering the THINS label;
>
> 3. For units that contain the THINS label and have been packaged at the time this Order is posted but not yet shipped, such units that have been stickered in accordance with this Order may be shipped; however, unstickered units or units that have not been stickered in accordance with this Order, must be destroyed; and

    4.    Defendants shall confirm in writing and under oath within 10 days of entry of this Order that all packaging containing the term SANDWICH THINS or THINS has been destroyed and that no units containing such packaging have been shipped.

(September 29, 2009 Order at 5.)

On October 1, 2009, Defendants moved for clarification of the Court's September 29, 2009 modification order. (Docket No. 58.) At issue was whether Defendants were permitted to apply stickers to units that had been packaged but not yet stickered at the time the September 29, 2009 Order was posted. The Court gave Defendants permission to apply stickers to units that had been packaged at the time of the September 29, 2009 Order. (October 2, 2009 Order (Docket No. 60).)

On October 29, 2009, Plaintiffs again moved for contempt sanctions against Defendants. (Docket No. 74.) Plaintiffs contended that stickered units remained in the marketplace despite the fact that, according to Defendants' stated shelf life of their product, such units should have been phased out by that time. Defendants responded that, as is common practice in the industry, they had frozen units of their product to be shipped at a later date. The Court denied Plaintiffs' motion for contempt sanctions but ordered Defendants to immediately cease using the "Thins" packaging, whether it had been stickered or not. (November 6, 2009 Order (Docket No. 81).)

Also during this time, Defendants began shipping their product in new packaging. The new packaging replaced the large "Thins" wording with "Thin Buns." Plaintiffs moved for clarification to determine whether the new packaging violated the preliminary injunction order. (Docket No. 61.) The Court denied Plaintiffs motion and did not enjoin Defendants from using the new "Thin Buns" packaging. (October 9, 2009 Order (Docket No. 71).)

On December 8, 2009, the parties filed a joint motion to stay the action pending appeal, which the Court granted. (Docket Nos. 84-85.) On January 6, 2010, the Ninth Circuit affirmed this Court's decision granting the preliminary injunction. (Docket No. 90.) On March 9, 2010, Plaintiffs moved to lift the stay and continue with the litigation in ths matter, which the Court granted. (Docket Nos. 91-92.) On April 30, 2010, Defendants filed the instant motion to clarify the scope of the preliminary injunction. (Docket No. 94.) Plaintiffs filed an opposition and Defendants filed a reply. (Docket Nos. 101-102.)

## II.

## DISCUSSION

The purpose of an injunction is to protect the rights of the trademark owner. *Perfumebay.com Inc. v. eBay Inc.*, 506 F.3d 1165, 1176-1177 (9th Cir. 2007). "A trademark plaintiff is 'entitled to effective relief; and any doubt in respect of the extent thereof must be resolved in [the plaintiff's] favor as the innocent producer and against the [defendant], which has shown by its conduct that it is not to be trusted.'" *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997) (quoting *William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526, 532 (1924)). The injunction must be sufficiently clear to both protect the trademark owner's rights, as well as to give adequate notice to the infringer. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210-1211 (9th Cir. 2000).

Defendants contend there is an ambiguity in Paragraph 1 of the original injunction order, which enjoins Defendants from using "Sandwich Thins" and "Thins" in connection with "Defendants' goods." Defendants argue that "Defendants' goods" encompasses only the Earthgrains bread product at issue, that is, Earthgrains 100% Natural thin buns, as well as similar thin sliced buns or rolls. Plaintiffs contend that "Defendants' goods" should encompass the entire product category of "bread," including items such as buns, rolls, flatbread, bagels, muffins, baguettes, sliced bread, thin buns, and pita.

The term "Defendants' goods" is properly construed in light of the initial request for preliminary injunction. At that time, Defendants were on the verge of launching a product that directly competed with Plaintiffs' Sandwich Thins, a thin bread product for making sandwiches and hamburgers for weight and health conscious consumers. Accordingly, the original injunction fairly includes all bread-related products primarily associated with making sandwiches, hamburgers, and hot dogs, including, but not limited to, items such as buns, rolls, flatbread, sliced bread, and thin buns. The term "Defendants' goods" does not include bread-related products that are not primarily associated with making sandwiches, hamburgers and hot dogs, such as bagels, muffins, and baguettes. The latter products – bagels, muffins and baguettes, are sufficiently distinguishable from Plaintiffs' "Sandwich Thins" that an ordinary consumer is unlikely to be confused by Defendants' proposed labeling. The preliminary injunction and the term "Defendants' goods" also does not include pita

bread, as that bread product – albeit thin and lower in calories than traditional sliced bread products – predates Plaintiffs' Sandwich Thins and is readily identified by consumers as a distinct product.

The parties have also raised a dispute regarding the scope of discovery. Discovery shall proceed and should focus on bread-related products encompassed by the term "Defendants' goods" as defined in this Order. Any further discovery disputes may be raised with the Magistrate Judge.

**IT IS SO ORDERED.**

DATED: June 23, 2010

HON. DANA M. SABRAW
United States District Judge